**KINGSLEY & KINGSLEY, APC**
DARREN M. COHEN, Esq., Cal. Bar No. 221938
dcohen@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LOPEZ, an individual, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>EMPLOYER FLEXIBLE HR, LLC; EMPLOYER FLEXIBLE HR INCORPORATED; EMPLOYER FLEXIBLE MANAGEMENT, LLC; and DOES 1 to 10, inclusive,<br><br>DEFENDANTS. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);<br>2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii);<br><br>**DEMAND FOR A JURY TRIAL** |

1
**CLASS ACTION COMPLAINT**

Plaintiff RENE LOPEZ ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.

## INTRODUCTION

1. Defendant EMPLOYER FLEXIBLE HR, LLC is a Texas limited liability company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant EMPLOYER FLEXIBLE HR INCORPORATED is a California Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3. Defendant EMPLOYER FLEXIBLE MANAGEMENT, LLC is a Texas limited liability company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

4. Defendant provides human resource solutions and recruitment solutions throughout the country.

5. Plaintiff applied, was hired, and performed work for Defendant in Los Angeles, California.

6. During the application process, Plaintiff filled out Defendant's standard "Background Check Disclosure & Consent" form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

7. This form simultaneously functioned as a FCRA disclosure and authorization.

8. In addition, this form is a single "document" for purposes of the FCRA.

9. Defendant's standard FCRA form is attached hereto as **Exhibit 1**.

10. Defendant's FCRA disclosure violates the standalone disclosure requirement because it includes a liability release. 15 U.S.C. § 1681b(b)(2)(A)(i)

(the FCRA disclosure must be "in a document that consists *solely* of the disclosure") (emphasis added); *Syed v. M-I, LLC*, 853 F.3d 492, 501-03 (9th Cir. 2017).

11. Since Defendant's standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

12. Nevertheless, upon information and belief, Defendant procured or caused to be procured a "consumer report" on Plaintiff and the putative class in violation of 15 U.S.C. § 1681b(b)(2)(A).

13. Plaintiff now brings this Class Action on behalf of himself and the proposed class, defined as:

> "All applicants in the United States who filled out Defendant's standard "Background Check Disclosure & Consent" form at any time during the period beginning five (5) years prior to the filing of this action to the present." (the "Proposed FCRA Class")

## II.
## JURISDICTION AND VENUE

14. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

A. PLAINTIFF

16. Plaintiff applied, was hired and performed work for Defendant in

California on approximately May 6, 2015 as a non-exempt hourly employee.

17. On May 6, 2015, Plaintiff completed Defendant's standard FCRA form (Exhibit 1).

B. **DEFENDANT**

18. Defendant EMPLOYER FLEXIBLE HR, LLC is a Texas limited liability company with an entity address listed with the California Secretary of State is 7102 N. Sam Houston Pkwy W. Suite 200, Houston, TX 77064.

19. Defendant EMPLOYER FLEXIBLE HR INCORPORATED is a California Corporation with an entity address listed with the California Secretary of State is 7102 N. Sam Houston Pkwy W. Suite 200, Houston, TX 77064.

20. Defendant EMPLOYER FLEXIBLE MANAGEMENT, LLC is a Texas limited liability company with an entity address listed with the California Secretary of State is 7102 N. Sam Houston Pkwy W. Suite 200, Houston, TX 77064.

21. Defendant issues, and during the relevant period issued, payroll checks to Plaintiff and all other persons similarly situated.

22. With respect to the events at issue in this case, Defendant acted as the employer of Plaintiff and all other persons similarly situated. As the employer, Defendant is liable for the violations of law described in this Complaint.

23. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA form (Exhibit 1) for employment purposes.

24. Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendant sued herein as DOES 1 through 10, but are informed and believe and thereon allege that said Defendant are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendant by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

25. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other

Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.
## NATURE OF THE ACTION

26. The FCRA provides individuals with a number of rights. Specifically, the FCRA provides that a prospective employee must receive a valid FCRA disclosure and give proper authorization before a consumer report is procured.

27. Importantly, no extraneous information can be attached or included on the FCRA disclosure. The FCRA disclosure must standalone.

28. The authorization can be on the same "document" as the FCRA disclosure. However, this is the only exception to the standalone requirement. 15 U.S.C. §1681b(b)(2)(A)(ii).

29. In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully inserted a liability release provision into its FCRA disclosure.

30. Such practice is willful as a matter of law because it is contrary to the plain language of the statue, regulatory guidance, and case law. *Syed*, 853 F.3d at 502.

31. In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained consumer reports regarding Plaintiff and all members of the Proposed Class without proper authorization because the FCRA disclosure was non-compliant.

32. Defendant's violations of 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) trigger statutory damages under the FCRA between $100 and $1,000 for each willful violation of the FCRA, as well as punitive damages, equitable relief, and attorneys' fees and costs. 15 U.S.C. § 1681n.

## V.
## FACTUAL ALLEGATIONS

33. Plaintiff applied to work with Defendant in California. In connection

with his employment application, Plaintiff filled out Defendant's standard form labeled as a "Background Check Disclosure & Consent" permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience. Following his completion of the application, Defendant hired Plaintiff.

34. Upon information and belief, Defendant required all applicants to complete the same standard "Background Check Disclosure & Consent" form.

35. Defendant's "Background Check Disclosure & Consent" form states: "I authorize all corporations, employers, co-workers, references, credit reporting agencies, educational institutions, licensing bodies, courts, law enforcement agencies, governmental agencies or departments, and military services to provide information about my background, including but not limited to driving records, court records, criminal records, credit reports, academic records, professional license record and employment information or records. *I agree to release the aforesaid from any liability for providing that information*." (Ex. 1, emphasis added).

36. Thus, in addition, to the authorization and disclosure to obtain information about background and experience, Defendant's form also contained a liability release provision.

37. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii)

38. Although the disclosure required by clause (i) and the authorization

required by clause (ii) above may be combined in a single document, the FTC has warned that the FCRA disclosure should not include any other extraneous information. Further, the FTC has also specifically warned that the inclusion of a liability waiver will violate 15 U.S.C. § 1681b(b)(2)(A)(i), which requires that a disclosure document consist solely of the disclosure.

39. This requirement is meant to prevent the consumer from being distracted by other information side-by-side with this very important disclosure.

40. Including the liability release in the FCRA disclosure is willful as a matter of law because it is contrary to the plain language of the statue, regulatory guidance, and case law. *Syed*, 853 F.3d at 502.

41. In addition, Defendant's "Background Check Disclosure & Consent" form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

42. Because Defendant's standard FCRA disclosure was non-compliant, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

43. Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

44. Defendant's failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed*, 853 F.3d at 499.

## VI.

## THE CLASS

45. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of

this action as a class action. Plaintiff seeks to represent a class defined as follows:

> All applicants in the United States who filled out Defendant's standard "Background Check Disclosure & Consent" form at any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed FCRA Class")

46. Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

47. Defendant, as a matter of corporate policy, uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) by including a liability release in its "Background Check Disclosure & Consent" form (Ex. 1).

48. This class action on behalf of members of the Proposed FCRA Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. <u>Numerosity</u>

49. The Proposed FCRA Class is so numerous that joinder of all class members is impracticable.

50. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

51. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed FCRA Class.

B. <u>Commonality</u>

52. There are questions of law and fact common to the Proposed FCRA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Defendant required members of the Proposed FCFRA Class to fill out Defendant's "Background Check Disclosure & Consent" form (Ex. 1) permitting Defendant to obtain a consumer report;

b. Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. §1681b(b)(2)(A)(i));

c. Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

C. Typicality

53. The claims of the named Plaintiff are typical of the claims of the members of the Proposed FCRA Class.

54. Plaintiff is a member of the Proposed FCRA Class. Plaintiff was an applicant and filled out Defendant's "Consent to Request Consumer Report & Investigative Consumer Report Information" form (Exhibit 1) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed FCRA Class. Plaintiff suffered the same injuries and seeks the same relief as members of the Proposed FCRA Class.

D. Adequacy of Representation

55. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed FCRA Class.

56. Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

E. Predominance and Superiority of a Class Action

57. A class action is superior to other available means for fair and efficient

adjudication of this controversy. Individual joinder of all members of the Proposed FCRA Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

58. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

59. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed FCRA Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.
## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(i)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA CLASS AGAINST ALL DEFENDANTS)

60. Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this Complaint.

61. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report. 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

62. During the application process, Plaintiff filled out Defendant's standard "Background Check Disclosure & Consent" form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience (Ex. 1).

63. This form simultaneously functioned as a FCRA disclosure and authorization.

64. In addition, this form is a single "document" for purposes of the FCRA.

65. Defendant's FCRA disclosure violates the standalone disclosure requirement because it includes a liability release. 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists *solely* of the disclosure") (emphasis added); *Syed*, 853 F.3d at 501-03.

66. Such practice is willful as a matter of law because it is contrary to the plain language of the statue, regulatory guidance, and case law. *Syed*, 853 F.3d at 502. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a

waiver in a disclosure form violates Section 1681b(b)(2)(A)).

67. Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

68. Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. §1681n(a)(2).

69. Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## VIII.
## SECOND CAUSE OF ACTION
## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(ii)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA CLASS AGAINST ALL DEFENDANTS)

70. Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

71. Since Defendant's standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

72. Nevertheless, upon information and belief, Defendant procured or caused to be procured a "consumer report" on Plaintiff and the putative class in violation of 15 U.S.C. § 1681b(b)(2)(A).

73. This violation of the FCRA is willful. 15 U.S.C. §1681n. Defendant

knew that proper authorization is not possible without a legally compliant disclosure.

74. Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

75. Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

76. Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed FCRA Class:
   A) That the Court certify the First and Second Causes of Action asserted by the Proposed FCRA Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);
   B) A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;
   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed FCRA Class for each willful violation of the FCRA;
   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed FCRA Class;
   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,
   F) Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: March 22, 2019    KINGSLEY & KINGSLEY, APC

By: /S/ DARREN M. COHEN
Darren M. Cohen
Attorneys for Plaintiff