DARREN M. COHEN, Esq. (SBN 221938)
dcohen@kingsleykingsley.com
**KINGSLEY & KINGSLEY, APC**
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

Attorneys for Plaintiff and the Proposed Class

SPENCER WALDRON, ESQ. SBN-284029
*swaldron@fisherphillips.com*
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, CA 92614, Telephone: (949)798-2170

Attorneys for Defendant EMPLOYER FLEXIBLE HR, LLC (formerly doing business as EMPLOYER FLEXIBLE HR INCORPORATED)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LOPEZ, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>EMPLOYER FLEXIBLE HR, LLC; EMPLOYER FLEXIBLE HR INCORPORATED; and DOES 1 to 50, inclusive; and DOES 1 to 50, inclusive,<br><br>DEFENDANTS. | CASE NO.: 2:19-CV-02408-DMG-JEM<br><br>Class Action<br><br>**JOINT REPORT PURSUANT TO FRCP 26(F)**<br><br>District Judge: Hon. Dolly M. Gee<br>Magistrate Judge: Hon. John E. McDermott<br><br>Complaint filed: March 29, 2019<br>Trial: None Set |

Having duly met and conferred, Plaintiff RENE LOPEZ ("Plaintiff") and Defendant EMPLOYER FLEXIBLE HR, LLC; EMPLOYER FLEXIBLE HR INCORPORATED ("Defendant") submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of the United States District Court for the Central District of California, and the Court's Scheduling Conference order of June 11, 2019.

The Parties, by counsel, have had candid and specific discussions of the topics required by Rule 26, Local Rule 26-1 and the Court's Order. Specifically, the Parties' attorneys held their conference by telephone on June 6, 2019 and subsequently exchanged various communications addressing the topics in Rule 26, Local Rule 26-1 and the Court's Order. The Parties and their respective counsel have cooperated in the interest of efficiency and avoidance of unnecessary disputes in attempting to agree on a discovery and case management plan, and anticipate that, whenever possible, they will continue to work cooperatively on discovery, scheduling and settlement procedures in this case.

### A. Statement of the Case:

Plaintiff brings a putative class action alleging that Defendant routinely and systematically obtained consumer reports verifying applicants' background and experience without providing proper disclosure and securing prior authorization. Plaintiff filed his class action complaint on December 11, 2018 alleging the following claims: (1) Violations of Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. §1681b, et seq.; (2) Violations of Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. §1681b, *et seq*.

Defendant denies all allegations asserted in the Complaint. Defendant never procured or obtained a consumer report for Plaintiff, and therefore no violation or alleged violation of the Fair Credit Reporting Act ever occurred.

### B. Jurisdiction and Service:

Plaintiff believe that there are no issues regarding jurisdiction and all Parties

2
**JOINT RULE 26(F) REPORT**

have been duly served.

Plaintiff contends that this Court has subject matter jurisdiction over the claims at issue. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the Fair Credit Reporting Act ("FCRA").

Defendant believes that Plaintiff signed an agreement at the outset of his employment to arbitrate his claims against Defendant on an individual basis, and therefore his claims should be submitted to individual arbitration and the class claims dismissed. Defendant is meeting and conferring with Plaintiff on this issue and will file a motion to compel arbitration in the near future if the Parties cannot come to an agreement.

### C.   Legal Issues:

Plaintiff contends that Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i)-(ii). Specifically, Plaintiff contends that Defendant violated the FCRA by improperly failing to provide a clear and conspicuous disclosure in writing to members of the Proposed Class before it procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. Because Defendant failed to provide a lawful disclosure, Defendant procured, or caused to be procured, consumer reports without prior authorization.

Defendant denies that Plaintiff or any putative class member is entitled to judgment or to any recovery. Defendant never procured or obtained a consumer report for Plaintiff, and therefore no violation or alleged violation of the Fair Credit Reporting Act ever occurred. Further, Defendant believes that Plaintiff lacks Article III standing and is entitled to dismiss of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

### D.   Motions:

Plaintiff intends to bring a Motion for Class Certification. Defendants intend to oppose any such motion. Defendants reserve the right to move to decertify any

certified class.

Defendant intends to file a motion to compel individual arbitration, and to dismiss the putative class claims.  If for some reason, this matter remains in court instead of arbitration, Defendant intends to file a motion under Fed. R. Civ. P. 12 seeking dismissal of Plaintiff's claims due to Plaintiff's lack of Article III standing and/or for failure to state a claim, and/or a motion for summary judgment because Defendant never procured or obtained a consumer report for Plaintiff, and therefore no violation or alleged violation of the Fair Credit Reporting Act ever occurred.

Plaintiff and Defendant reserve the right to also move for Summary Judgment or Summary Adjudication.

The Parties do not currently anticipate filing any other motions.

**E.   Evidence Preservation:**

The Parties understand their duty to preserve records, including paper and electronic copies, and have taken reasonable steps to preserve documents in their possession that the Parties are able to determine at present as relevant to the operative complaint.

**F.   Disclosures:**

The Parties suggest exchanging initial disclosures on or before August 15, 2019.

**G.   Discovery:**

There has been no formal discovery to date.  The Parties have agreed to meet and confer about the scope of documents necessary to meaningfully engage in early resolution.  If the matter does not resolve, the Parties agree that they will meet and confer and agree upon a phased discovery plan likely to have a first phase relevant to class certification issues and a second phase geared towards merits issues.

Further, the Parties' discovery plan will change significantly based on the outcome of Defendant's motion to compel individual arbitration and to dismiss the class claims.

### H.    Class Action:

This is a class action. Plaintiff contends that this case is appropriate for certification.

Defendant denies that this case is appropriate for certification. Defendant believes that Plaintiff signed an agreement at the outset of his employment to arbitrate his claims against Defendant on an individual basis, and therefore his claims should be submitted to individual arbitration and the class claims dismissed. Defendant is meeting and conferring with Plaintiff on this issue and will file a motion to compel arbitration in the near future if the Parties cannot come to an agreement.

### I.    Related Cases:

The Parties are not currently aware of any pending, related litigation.

### J.    Relief:

Plaintiff seeks a determination that Defendant willfully violated 15 U.S.C. §1681b(b)(2)(A)(i); Defendant willfully violated 15 U.S.C. §1681b(b)(2)(A)(ii); for statutory damages in an amount equal to $1,000 for Plaintiff and each Proposed Class member for Defendant's willful violation of the FCRA; for punitive damages; an award providing for payment of costs of suit; an award of attorney's fees; and such other and further relief as this Court may deem proper and just.

Plaintiff does not yet have enough information about the Proposed Class to provide an estimate of the amount of damages sought.

Defendant denies that it violated the FCRA, denies the allegation that it willfully violated the FCRA, and denies that Plaintiff or any putative class member is entitled to any damages. Defendant reserves the right to seek reimbursement of its fees and costs associated with defending against Plaintiff's claims.

### K.    Settlement and ADR:

The Parties have met and conferred and believe that this case may be appropriate for informal resolution. The Parties' preferred method of ADR is private mediation. The Parties believe, in an effort to preserve the Court's time and

5
JOINT RULE 26(F) REPORT

resources, that they should devote the next six (6) months to attempting to resolve the matter.

**L.     Narrowing of Issues:**

Plaintiff contends that, due to the straightforward nature of the claims at issue, Defendant should contemplate stipulating to class certification.  Plaintiff also contends that fact stipulations may allow the Parties to limit the scope of formal discovery including the number of necessary depositions.  Plaintiff also believes that through discovery, as facts became known, the pertinent issues will likely be narrowed either through admission, stipulation or motion practice.  Plaintiff also believes that bifurcation of liability and damages issues at trial is appropriate in this matter.

For the reasons stated above, Defendant believes it is entitled to judgment, and that class certification is inappropriate and unwarranted.  Defendant believes that Plaintiff signed an agreement at the outset of his employment to arbitrate his claims against Defendant on an individual basis, and therefore his claims should be submitted to individual arbitration and the class claims dismissed.  Further, Defendant never procured or obtained a consumer report for Plaintiff, and therefore no violation or alleged violation of the Fair Credit Reporting Act ever occurred.

**M.     Expedited Trial Procedure:**

Neither Plaintiff nor Defendant believes that an expedited trial is warranted in this matter.

**N.     Trial:**

Plaintiff has demanded a jury trial.  The Parties trial estimate is 3-4 days.

**O.     Disclosure of Non-Party Interested Entities or Persons:**

The Parties do not believe there are any interested parties or entities in this action.

**P.     Schedule Worksheet (Exhibit A):**

The Parties have set forth their proposed timetables in Exhibit A.

**Q.    Other Issues:**

This matter is a putative class action. Given the early stage of the case and the uncertainty related to Defendant's motion to compel individual arbitration and Plaintiff's Motion for Class Certification, it is extremely difficult to fully plan for the management of this case.

In addition, the Parties request that the pretrial and trial dates not be set until after a ruling on Defendant's motion to compel individual arbitration and Plaintiff's Motion of Class Certification is heard. In the alternative, should the Court wish to schedule the pre-trial and trial dates at this time, the Parties request the pre-trial and trial dates as set forth below in Exhibit A.

DATED: July 22, 2019            **KINGSLEY & KINGSLEY, APC**

                                By: /S/ DARREN M. COHEN
                                    DARREN M. COHEN
                                    Attorneys for Plaintiff JOSE A. LUNA and
                                    all Proposed Class Members

DATED: July 22, 2019            **FISHER & PHILLIPS LLP**

                                By: /S/ SPENCER WALDRON
                                    SPENCER WALDRON
                                    Attorneys for Defendant EMPLOYER
                                    FLEXIBLE HR, LLC (formerly doing
                                    business as EMPLOYER FLEXIBLE HR
                                    INCORPORATED)

# JUDGE DOLLY M. GEE
# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:19-cv-02408-DMG-JEM |
|---|---|
| Case Name | *Lopez v. Employer Flexible HR, LLC, et al.* |

| MATTER | JOINT REQUESTED DATE or PLNTIF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [X] Jury<br><br>Duration Estimate | February 2, 2021 (Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>**4 wks before trial** | January 5, 2021 (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATIONS | JOINT REQUESTED DATE or PLNT/DEFT REQUESTED DATE |
|---|---|---|
| Amend Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | October 21, 2019 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | At least 14 wks before FPTC | September 29, 2020 |
| Motion Cut-Off (filing deadline) | At least 13 wks before FPTC | October 6, 2020 |
| Initial Expert Disclosure & Report Deadline | At least 9 wks before FPTC | November 3, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | At least 5 wks before FPTC | December 1, 2020 |
| Expert Disclosure & Report Deadline (includes hearing of | At least 3 wks before FPTC | December 15, 2020 |

| | | |
|---|---|---|
| discovery motions) | | |
| Settlement Conference Completion Date | At least 4 wks before FPTC | December 8, 2020 |
| Motions in Limine Filing Deadline | At least 3 wks before FPTC | December 15, 2020 |
| Opposition to Motion in Limine filing Deadline | At least 2 wks before FPTC | December 22, 2020 |
| Last day for hearing on Plaintiff's Motion for Class Certification | At least 90 days after complaint served (unless longer time justified) | March 27, 2020 |